<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PROFOOT, INC.,

                Plaintiff,

v.

MSD CONSUMER CARE, INC.,

                Defendant.

Civ. No. 11-7079

OPINION

<u>THOMPSON, U.S.D.J.</u>

       Two motions are presently before the Court.  First, Plaintiff Profoot, Inc. ("Profoot") has filed a Motion to Dismiss [docket # 24] the counterclaims [30] filed by Defendant MSD Consumer Care, Inc. ("MSD").  MSD opposes this motion [35].  Second, pursuant to the Court's Letter Order of March 1, 2012 [32], the Amended Answer, Affirmative Defenses, and Counterclaims [30] filed by MSD will be treated as a Cross-Motion to Amend because Defendant failed to comply with Federal Rule of Civil Procedure 15(a)(1).[1]  The Court has decided these motions after considering the submissions of both parties and without oral arguments pursuant to Federal Rule of Civil Procedure 78(b).  For the following reasons Defendant's Cross-Motion to Amend will be granted and Plaintiff's Motion to Dismiss will be granted in part and denied in part.

---

[1] MSD has asked the Court to reconsider this Letter Order.  (Def.'s Br. at 14 n.1).  Defendant argues that the Local Civil Rule 5.2 adds an additional three days to the time that a defendant is permitted to respond.  *See* L. Civ. R. 5.2. Plaintiff filed its motion to dismiss in this case on February 1, 2012.  Even adding the additional three days provided by Local Civil Rule 5.2, Defendant could amend its pleadings as of right only until February 25th.  Therefore, because this Order was not clearly erroneous, this request for reconsideration is denied.

## I.     BACKGROUND

This dispute arises out of the business competition between two companies in the foot-care products market.[2]  Profoot is the maker of the Triad orthotic shoe insole ("Triad").  Profoot brought suit against MSD alleging that one of MSD's products, Dr. Scholl's Tri-Comfort orthotic shoe insole ("Tri-Comfort"), violates certain trademarks of the Triad product.  (*See generally* Compl.) [1].  MSD then counterclaimed against Profoot, alleging six different causes of action that relate to the packaging of Profoot's Triad product, including the following: (1) a claim under the Lanham Act, 15 U.S.C. § 1125(a), for trade dress infringement; (2) a second claim under 15 U.S.C. § 1125(a) for false designation of origin; (3) a third claim under 15 U.S.C. § 1125(a) for unfair competition; (4) a claim of copyright infringement under the Copyright Act, 15 U.S.C. § 501, *et seq.*; (5) a claim arising under state law for trademark infringement; and (6) a state common law claim for unjust enrichment.  (*See* Def.'s Am. Counterclaims ¶¶ 29–63) [30].  Profoot now moves to dismiss these counterclaims.

## II.     MOTION TO AMEND

The Court will first address MSD's Cross-Motion to Amend because it may moot part of Profoot's Motion to Dismiss.  It has been the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires.  *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Dole v. Arco Chem. Co.,* 921 F.2d 484 (3d Cir. 1990).  Here, Profoot has not taken a position with respect to MSD's cross-motion to amend.  (Pl.'s Reply Br. at 1 n.1).  The only apparent change between MSD's original answer and MSD's amended answer is the inclusion of two copyright registrations.  It does not appear to the Court

---

[2] For purposes of deciding this motion, the Court accepts as true all the well-pleaded factual allegations contained in Defendant's Amended Counterclaims [30].  *See Fowler v. UMPC Shadyside,* 578 F.3d 203, 210–11 (3d Cir. 2009).

that granting Defendant's motion to amend would be inequitable or futile.  Therefore, MSD's

cross-motion to amend will be granted.

### III.    MOTION TO DISMISS

#### a. <u>Legal Standard</u>

On a motion to dismiss for failure to state a claim, the moving party "bears the burden of

showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.

2005).  Courts use the same standard in ruling on a motion to dismiss a counterclaim under

Federal Rule of Civil Procedure 12(b)(6) as they do in ruling on a motion to dismiss a complaint.

*See, e.g.*, *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 667 (3d Cir. 2009).  When

considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the

elements a [counter-plaintiff] must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, ---

U.S. ---, 129 S. Ct. 1937, 1947 (2009)).  Second, the court must accept as true all of a counter-

plaintiff's well-pleaded factual allegations and construe the counterclaims in the light most

favorable to the counter-plaintiff.  *Fowler*, 578 F.3d at 210–11.  But, the court should disregard

any conclusory allegations proffered in the counter-claims.  *Id.*  Finally, once the well-pleaded

facts have been identified and the conclusory allegations ignored, a court must next determine

whether the "facts are sufficient to show that [counter-plaintiff] has a 'plausible claim for

relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949).  This requires more than a

mere allegation of an entitlement to relief.  *Id.*  "A [counter-claim] has to 'show' such an

entitlement with its facts." *Id.*  A claim is only plausible if the facts pleaded allow a court

reasonably to infer that the counter-defendant is liable for the misconduct alleged.  *Id.* at 210

(quoting *Iqbal*, 129 S. Ct. at 1948).  Facts suggesting the "mere possibility of misconduct" fail to

show that the counter-plaintiff is entitled to relief.  *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

**b.   Analysis**

Profoot has presented a number of different arguments concerning the counterclaims raised by MSD.  Each of these arguments will be addressed in turn.

1.   *Copyright Infringement*

In its initial moving papers, Profoot argues that MSD has failed to properly plead a claim for copyright infringement because the copyright was not actually registered at the time MSD filed its counterclaims.  Because MSD's cross-motion to amend is granted, and because the Amended Counterclaims have the copyrights attached, this issue is now moot.  Therefore, the Court will not address this argument further.

Profoot also argues, however, that MSD has failed to properly state a claim for copyright infringement because MSD has not, and could not, plead that Profoot copied "original elements" of MSD's Tri-Comfort packaging.[3]  To state a valid claim for copyright infringement, a party must plead that the plaintiff has ownership of a valid copyright and that the opposing party copied original elements of the plaintiff's work without authorization.  *See, e.g.*, *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (citations omitted).   This standard is clearly satisfied in this case.

First, MSD has sufficiently alleged that it owns copyrights to original work contained on the packaging of the Tri-Comfort product.  (*See* Def.'s Am. Counterclaims ¶¶ 45–46, Ex. B).  Second, MSD has both claimed that this work is "original," (*see id.* ¶ 45), and it has specifically described the original elements of the work that Profoot is copying.  MSD describes the combination of original elements as follows:

---

[3] In its reply brief, Profoot further argues that MSD has failed to provide factual material regarding when Profoot began its alleged infringement.  It is axiomatic in federal litigation that "[a]n issue is waived unless a party raises it in its opening brief."  *Laborers' Int'l Union of N.Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).  Therefore, this issue will not be addressed.

> ProFoot's New Triad Packaging infringes the . . . DR. SCHOLL'S® TRI-COMFORT® Copyrights in at least the following respects: (a) the New Triad Packaging prominently features a series of three circles connected by short diagonal lines arranged in a downward slanting direction from the upper left of the insole to the middle of the insole, and a number in each circle, with the upper-left circle numbered 1, the middle circle numbered 2, and the lower circle numbered 3; and (b) each circle on the New Triad Packaging identifies a feature of the insole, as follows: Circle 1 states "cradles balls of feet," Circle 2 states "supports arches," and Circle 3 states "cushions heels."

(*Id.* ¶ 20).  This is sufficient to survive a motion to dismiss.

As the United States Supreme Court has explained, "[o]riginal, as that term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (citing 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990)).  "[T]he requisite level of creativity is extremely low; even a slight amount will suffice."  *Id.*; *see also Mon Cheri Bridals, Inc. v. Wen Wu*, 383 F. App'x 228, 234 (3d Cir. 2010) ("[T]he mere borrowing of elements from previous works will not defeat copyrightability as long as the author has devised a new version of the work or has otherwise rearranged or transformed it so as to have made an original contribution." (quoting *CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1518 (1st Cir. 1996)).  The features described by MSD in its Amended Counterclaims, the combination of which MSD has copyrighted, plausibly establish that MSD will be able to satisfy this low bar.  Therefore, MSD's copyright claim will be allowed to proceed.

### 2. *Trade Dress Infringement*

Profoot next argues that MSD's claims for trade dress infringement under Count One of the Amended Counterclaims should be dismissed because they are duplicative of MSD's copyright claims and because MSD has not alleged that it has a protectable trade dress in its packaging of the Tri-Comfort product.

In arguing that MSD's trade dress infringement claims are "duplicative" of its copyright claims, Profoot relies on cases that are either inapposite or not controlling.  For example, in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), the Court refused to read the Lanham Act as creating a cause of action for what was, in effect, plagiarism.  *See id.* at 36.  Contrary to Profoot's suggestion, this case does not stand for the proposition that all trade dress infringement cases are preempted when copyright provides an adequate remedy.  It stands only for the proposition that the Lanham Act cannot be interpreted to permit a backdoor into establishing a copyright infringement claim.  The United States Court of Appeals for the Third Circuit has specifically rejected the argument that the Copyright Act's express preemption provision applies to other intellectual property rights originating in a federal statute, such as patent or trademark rights.  *See Facenda v. NFL Films, Inc.*, 542 F.3d 1007, 1026–27 (3d Cir. 2008); *see also* 17 U.S.C. § 301(d) ("Nothing in [the Copyright Act] annuls or limits any rights or remedies under any other Federal statute.").  Moreover, the argument proffered by Profoot is contrary to Federal Rule of Civil Procedure 8(d)(2), which permits pleading in the alternative.  *See* 1 McCarthy on Trademarks and Unfair Competition § 6:5 (4th Ed. 2012) (collecting cases) ("[P]atent, trademark and copyright are separate and independent forms of protection.").  Thus, if MSD has otherwise validly pled a claim for trade dress infringement, that claim should be allowed to proceed.

To state a valid claim for trade dress infringement under federal law, a plaintiff must plead: "(1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's products with that of the defendant's product."  *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007).  In its Amended Counterclaims, MSD has validly pled all of these elements.  First, MSD has pled that its trade

dress, described at paragraph 10 of the Amended Counterclaims, is non-functional.  (*See* Def.'s Am. Counterclaims ¶ 11).  MSD has also sufficiently alleged that its packaging has acquired a "secondary meaning."  Secondary meaning "is established through extensive advertising which creates in the minds of consumers an association between the mark and the provider of the services advertised under the mark."  *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000).  Here, the Court must accept all of MSD's factual contentions as true.  MSD has pled that it has exerted millions of dollars in advertising and that this, at least in part, has resulted in the Tri-Comfort product becoming a consistent leader in its market.  (*See* Def.'s Am. Counterclaims ¶¶ 8–9, 12–13).  This is enough to satisfy the second element of MSD's claim for trade dress infringement at the pleadings stage.  Finally, MSD has also pled that consumers are likely to be confused by Profoot's misuse of the Tri-Comfort product's distinctive trade dress.  (*See* Def.'s Am. Counterclaims ¶¶ 24–25).  Profoot counters that each of the elements of MSD's trade dress are too generic to deserve protection under the Lanham Act.  This argument, however, is without merit.  *See, e.g.*, *Duraco Prods. Inc. v. Joy Plastic Enters., Ltd.*, 40 F.3d 1431, 1439 (3d Cir. 1994) ("Trade dress is a complex composite of features and the law of unfair competition in respect to trade dress requires that all of the features be considered together, not separately.  Thus, for example, a product configuration may be distinctive although no particular individual element or feature would be considered distinctive in isolation." (internal quotations and citations omitted)).  For these reasons, MSD has sufficiently pled a claim for trade dress infringement.

### 3.  *False Designation of Origin and Unfair Competition*

Next, Profoot argues that Counts Two and Three of the MSD's Amended Counterclaims, which allege false designation of origin and unfair competition respectively, must be dismissed because they are duplicative of Count One.  Profoot cites no authority for this proposition.

While it is true that Counts One, Two, and Three all arise out of § 43(a) of the Lanham Act, and that each of these claims is measured by an identical standard, *see, e.g.*, *Food Scis. Corp. v. Nagler*, No. 09-1798, 2010 U.S. Dist. LEXIS 112072, at *5 (D.N.J. Oct. 20, 2010) (citing *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000)), this does not necessarily imply that that are duplicative of one another.  Rather, it appears to the Court that MSD is pleading alternative theories by which is seeks to recover.  Profoot has not cited to any authority for its proposition, and the Court does not know of any.  *But cf.* FED. R. CIV. P. 12(f) (permitting the striking of redundant matter in a pleading).  Indeed, the Court notes that other courts have permitted these types of claims to proceed at the same time.  *See, e.g.*, *Food Scis. Corp.*, 2010 U.S. Dist. LEXIS, at *5; *A&H Sportswear*, 237 F.3d at 210 (reviewing claims for trademark infringement and unfair competition after a bench trial on both claims); *Duraco Prods.*, 40 F.3d at 1438–43 (discussing the manner in which unfair competition and trade dress under the Lanham Act are similar but addressing each separately); *Coach, Inc. v. Fashion Paradise LLC*, No. 10-4888, 2012 U.S. Dist. LEXIS 7429, at *5 (D.N.J. Jan. 20, 2012) (holding that separate claims arising under the Lanham Act for trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin and false advertising, and trade dilution were all properly pled).  Therefore, the Court believes that each claim is simply relying on a different theory of MSD's case—something explicitly permitted under the federal rules.  *See* FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Thus, these claims will be allowed to proceed.

4.   *Preemption of State-Law Claims*

In regard to the state-law trademark infringement and unjust enrichment claims raised by

MSD, Profoot argues that these claims are preempted by § 301 of the Copyright Act.  Title 17

U.S.C. § 301 provides in relevant part:

> all legal or equitable rights that are equivalent to any of the exclusive rights within
> the general scope of copyright as specified by section 106 in works of authorship
> that are fixed in a tangible medium of expression and come within the subject
> matter of copyright as specified by sections 102 and 103, whether created before
> or after that date and whether published or unpublished, are governed exclusively
> by this title. Thereafter, no person is entitled to any such right or equivalent right
> in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  A state law claim is deemed "equivalent to copyright" when that state right

is violated "by the mere act of reproduction, performance, distribution, or display."  *Jarvis v.*

*A&M Records*, 827 F. Supp. 282, 297 (D.N.J. 1993) (citing *Allied Artists Pictures Corp. v.*

*Rhodes,* 496 F. Supp. 408 (S.D. Ohio 1980), *aff'd*, 679 F.2d 656 (6th Cir. 1982)).  However, "if

other elements are required, in addition to or instead of, the acts of reproduction, performance,

distribution or display, in order to constitute a state created cause of action, then the right does

not lie 'within the general scope of copyright,' and there is no preemption."  *Id.*; *see also*

*Winstead v. Jackson*, No. 10-5783, 2011 U.S. Dist. LEXIS 107560, at *10 (D.N.J. Sept. 20,

2011).

To state a valid claim under N.J.S.A. § 56:3-13.16, the New Jersey equivalent of the

Lanham Act, or New Jersey common law, *see* N.J.S.A. § 56:3-13.13 (protecting common-law

trademark infringement claims), a plaintiff (or in this case the counter-plaintiff) must allege

elements identical to those arising under the Lanham Act.  *See, e.g.*, *SK&F, Co. v. Premo Pharm.*

*Labs., Inc.*, 625 F.2d 1055, 1066 (3d Cir. 1980) ("[E]xcept for the interstate commerce

requirement, the elements of the unfair competition torts proscribed by New Jersey law and by

the section 43(a) of the Lanham Act are the same . . . .").  Therefore, an element of likelihood of

confusion is required to state a claim under New Jersey state law.  This additional element prevents the preemption of MSD's claims.  This is not a case where MSD has alleged that Profoot engaged in "reverse passing off" or misappropriation under New Jersey law.  *See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 564–65 (D.N.J. 2002) (discussing the difference between "passing off" and "reverse passing off claims" and noting that only "reverse passing off claims" or misappropriation claims are preempted).  Rather, MSD has brought a claim under N.J.S.A. § 56:3-13.16, which protects against, *inter alia*, the unauthorized use of a mark that "is likely to cause confusion or mistake or to deceive as to the source of origin of the goods or services."  N.J.S.A. § 56:3-13.16(a)(1); (Def.'s Am. Counterclaims ¶ 57).  The additional element of MSD's state-law trademark claim therefore prevents preemption under the Copyright Act.

Unlike MSD's state claims for trademark infringement, the claim for unjust enrichment in Count Six of the Amended Counterclaims is preempted by the Copyright Act.  Similar to the plaintiff in *Video Pipeline*, the heart of MSD's claim for unjust enrichment is that Profoot exploited MSD's intellectual property without compensating MSD for the benefits derived from its use.  MSD alleges that "[b]y wrongfully misappropriating the goodwill MSD has developed in its DR. SCHOLL'S® brand through deliberate copying of MSD's DR. SCHOLL'S® TRI-COMFORT® Trade Dress and the work protected by MSD's DR. SCHOLL'S® TRI-COMFORT® Copyrights, ProFoot has been unjustly enriched to the material detriment of MSD."  (Def.'s Am. Counterclaims ¶ 61).  Courts routinely find such claims preempted in cases such as this.  *See Video Pipeline*, 210 F. Supp. 2d at 567 (collecting cases).

MSD argues, without citation to any supporting authority, that a claim for unjust enrichment in this context requires proof of the additional element of deception.  This, however, is not the case.  Like the plaintiffs in *Video Pipeline*, MSD's unjust enrichment claim concerns

the exploitation of its intellectual property without an accounting.  Consumer deception is not a

necessary element of such a claim.  Although MSD has noted that another court in this district

has found that a plaintiff had stated a claim for unjust enrichment in a somewhat similar context,

that court did not address the question of preemption. *See Coach, Inc.*, 2012 U.S. Dist. LEXIS

7429, at \*5.  Therefore, that case is inapposite to this Court's current analysis, and MSD's unjust

enrichment claim will be dismissed.

## IV.     CONCLUSION

For the foregoing reasons MSD's Cross-Motion to Amend is granted and Count Six of

the Amended Counterclaims will be dismissed.  The rest of MSD's Amended Counterclaims will

be allowed to proceed.  An appropriate Order will follow.


                                                   */s/ Anne E. Thompson*
                                                   ANNE E. THOMPSON, U.S.D.J.


Date: April 11, 2012