NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PROFOOT, INC.,

        Plaintiff,

v.

MSD CONSUMER CARE, INC.,

        Defendant.

Civ. No. 11-7079

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff ProFoot, Inc.'s ("ProFoot") Motion for Reconsideration [docket # 71] of this Court's Opinion and Order of June 14, 2012 [68], which denied ProFoot's previous motion for a preliminary injunction.  Defendant MSD Consumer Care, Inc. ("MSD") opposes this motion [72].  After considering all of the submissions of the parties, the Court has reached a determination pursuant to Federal Rule of Civil Procedure 78(b).  For the following reasons, ProFoot's motion will be denied.

      Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

      A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.  *See Bowers v. NCAA*, 130 F.

1

Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

The Court assumes the parties' familiarity with the underlying facts of this case. In its current motion, Plaintiff argues that the Court erred in copious ways in denying its motion for a preliminary injunction. The gravamen of each of these alleged errors, however, is that the Court either gave too great or too little weight to a specific *Lapp* factor, did not credit certain of Plaintiff's evidence to the extent that ProFoot would have liked, improperly considered certain evidence in general, or improperly considered certain evidence in the context of a specific *Lapp* factor.

Ultimately, balancing the *Lapp* factors and determining whether competing goods are confusingly similar is more art than science. Although the United States Court of Appeals for the Third Circuit has set forth ten factors that may be considered when determining whether competing goods are likely to cause consumer confusion, *see Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983) (citations omitted), the contours and weight of each of these factors cannot be determined with mathematical precision. *See A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 214 (3d Cir. 2000) ("[W]e have repeatedly insisted that the Lapp factors are not to be mechanically tallied, but rather that they are tools to guide a qualitative decision." (citing *Fisons Horticulture, Inc. v. Vigoro Indus.*, 30 F.3d 466, 476 n.11 (3d Cir. 1994)). These factors "are meant to be tools, not hurdles." *Id.* at 214. Therefore, courts in the Third Circuit "need not apply each and every factor" and "the different factors may properly be

accorded different weights depending on the particular factual setting." *Id.* at 214–15; *see also id.* at 212 (stating that *Lapp* factors (7), (9), and (10) "are not apposite for directly competing goods: By definition, the goods are competing, their function is the same, and the senior and junior user are already in each other's markets."). Indeed, the *Lapp* factors need not be used at all in certain situations. *See id.* at 214 ("[W]e do not hold that a District Court must use the factors."). Equally as important, "[a] district court should not be foreclosed from using any factors that it deems helpful in analyzing whether a likelihood of confusion exists between given products." *Id.* at 212.

Because of the amount of discretion placed in a district court under the Third Circuit's standard governing likelihood of confusion in the context of a motion for a preliminary injunction in a trademark infringement case, any party would face an uphill battle in seeking reconsideration. Any clear error in determining whether a given *Lapp* factor does or does not weigh in favor of the losing party may well be meaningless in the larger context of balancing all of the *Lapp* factors together, or determining likelihood of confusion more generally. Here, ProFoot has not presented any new evidence that was previously unavailable. Nor has ProFoot presented any legal argument of clear error that would change the ultimate determination of this Court that MSD's use of the P.R.O. acronym is not confusingly similar to ProFoot's trademark. Instead, ProFoot has largely sought to reargue its prior motion, which this Court previously thought through and rejected. Therefore, Plaintiff's motion must be denied.

Accordingly, it is on this 20th day of August, 2012,

ORDERED that Plaintiff ProFoot, Inc.'s Motion for Reconsideration [71] is DENIED.

                                                   */s/ Anne E. Thompson*
                                                   ANNE E. THOMPSON, U.S.D.J.