NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PROFOOT, INC.,

        Plaintiff,

   v.

BAYER HEALTHCARE LLC,

        Defendant.

Civ. No. 11-7079

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on a motion by Plaintiff ProFoot, Inc. ("Plaintiff") to certify a jury verdict for immediate appeal. (ECF No. 281). Defendant Bayer HealthCare LLC ("Defendant") does not oppose the motion. (ECF No. 294). Upon consideration of the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will grant Plaintiff's motion.

## BACKGROUND

Plaintiff is a family-owned company that produces foot care products for use inside customers' shoes. Defendant owns the "Dr. Scholl's" brand of similar products. In December 2011, Plaintiff filed a complaint against Defendant[1] alleging multiple trademark infringement

---

[1] Plaintiff originally filed suit against MSD Consumer Care, Inc. and Merck & Co., Inc. (ECF No. 1). MSD had owned the Dr. Scholl's business and trademarks. (*Id.* at ¶ 17). In 2009, Merck acquired MSD and Dr. Scholl's in a merger. (*Id.* at ¶ 19). In 2015, Bayer HealthCare LLC acquired Dr. Scholl's, and the parties later consented to substitute in Bayer HealthCare LLC as the named defendant in this case. (ECF No. 289). This opinion will consistently refer to "Defendant" for simplicity's sake.

and unfair competition claims. (ECF No. 1). At the heart of these allegations was Defendant's adoption of an acronym for its line of Pain Relief Orthotics, "P.R.O.," which Plaintiff believed infringed on its ProFoot marks and caused confusion. (*See, e.g.*, *id.* at ¶¶ 87-90). In February 2012, the Court granted Plaintiff leave to file an amended complaint that added antitrust and tortious interference claims. (ECF No. 99). These claims focused on Dr. Scholl's alleged ability to interfere with Plaintiff's product distribution due to Defendant's position as the dominant foot care brand. (ECF No. 102 at ¶¶ 212-28). In December 2015, the Court bifurcated Plaintiff's claims for trial, setting a trial date solely for Plaintiff's trademark claims. (ECF No. 162).

Plaintiff tried its trademark claims in May 2016. The jury found that Defendant had not infringed on Plaintiff's trademark. (ECF No. 266). Plaintiff moved for the Court to certify the jury verdict as a final judgment, so that Plaintiff could appeal the trademark verdict before the ongoing antitrust and tortious interference claims are resolved. (ECF No. 281). This motion is presently before the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that when an action involves multiple claims for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims" only if the Court finds "no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) is "the exception, not the rule, to the usual course of proceedings in a district court." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). When deciding a motion to certify, district courts should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Carter v. City of Philadelphia*, 181 F.3d 339, 346 (3d Cir. 1999) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)) (alteration in

original). Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Elliott*, 682 F.3d at 220 (citation omitted).

## ANALYSIS

"Ordinarily the proceedings in a district court must be final as to [] all causes of action and parties for a court of appeals to have jurisdiction over an appeal under 28 U.S.C. § 1291." *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006). An "order which terminates fewer than all claims, or claims against fewer than all parties," by contrast, fails to "constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Id.* (quoting *Carter*, 181 F.3d at 343. Courts may enter final judgment as to a particular claim or defendant when: "(1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citation omitted). A jury delivered a verdict on Plaintiff's trademark claims, thus satisfying the first requirement for certification. To determine if there is "just reason for delay," the Court must consider the following *Berckeley* factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 203 (citation omitted).

On the first *Berckeley* factor, the Court has already determined that Plaintiff's trademark and antitrust claims are sufficiently separate to warrant bifurcation. (*See* Mem. Order, ECF No. 162). When two sets of claims are factually separable, this factor weighs in favor of

certification. *See Medrad, Inc. v. Tyco Healthcare Grp., LP*, No. 01-1997, 2005 WL 3466038, at *2 (W.D. Pa. Dec. 19, 2005). On the second factor, the jury trial has concluded and there have been no motions subsequent to the verdict that would affect the finality of the jury's determination. Therefore, there are no potential future developments that might moot the need for appellate review of Plaintiff's trademark claims.

Reviewing the third *Berckeley* factor, while there is always some risk that an appellate court may need to revisit an issue, the risk appears to be low in this case. Plaintiff has made clear in its amended complaint and at a post-trial status conference with Magistrate Judge Lois H. Goodman that the underlying facts and issues for its antitrust and tortious interference claims are different from those underlying its trademark claims. Therefore, the Third Circuit should not need to examine the same legal issues twice. On the fourth *Berckeley* factor, there are no potential set-offs in this case. Turning to the final *Berckeley* factor, the Court finds that the circumstances of the case weigh in favor of certification, since it is unknown when the antitrust and tortious interference claims will be fully resolved, and the parties either both desire or acquiesce to prompt appellate review of the trademark claims.

Since all five *Berckeley* factors weigh in favor of certification, the Court shall certify the trademark verdict as a final, appealable judgment under Federal Rule of Civil Procedure 54(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion will be granted. An appropriate order will follow.

                                               */s/ Anne E. Thompson*
                                               ANNE E. THOMPSON, U.S.D.J.

Date: July 21, 2016