UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 7050
TRENTON, NJ 08608
609-989-2114

March 24, 2017

### LETTER ORDER

Re:    PROFOOT, INC. v. BAYER HEALTHCARE LLC
       Civil Action No. 11-7079   (AET)(LHG)

Dear Counsel:

By email dated March 21, 2017, counsel advised the Court of certain discovery disputes. In light of the tight schedule for upcoming expert discovery, dispositive motions, and trial, the Court convened a telephonic conference on March 22, 2017. Plaintiff Profoot asked for leave to brief the issues raised, and the Court instructed the parties to file a joint submission by noon on March 24, 2017. The Court further instructed them that any requests could not impact the deadline for filing dispositive motions, given that they had previously been instructed that the deadline would not be extended. See March 17, 2017 Letter Order at 3 [Docket Entry No. 326]. Finally, the Court advised counsel for Profoot, as the moving party, that it would have to show that any discovery served right at the close of fact discovery could not have been served earlier in the case, given the undersigned's view that discovery must be completed, rather than simply served before the close of discovery. See also February 24, 2017 Scheduling Order ("fact discovery is to remain open through March 15, 2017. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown." [Docket Entry No. 321].

The Court has now reviewed the joint submission of the parties, which raises two issues. The first is a scheduling issue, and the second is a substantive discovery issue. The undersigned will address them in reverse order.

With regard to the substantive discovery issue, Profoot served new document requests and two third party subpoenas on the eve of the close of fact discovery. As noted above, the Court cautioned Profoot that they must show the Court the discovery sought could not have been requested earlier in the litigation, and that there was no choice but to seek it at this very late date. Profoot has not met that burden. Instead, it has said, in a generalized fashion, that certain things only recently came to its attention.

Advantage Solutions is one of the subpoena recipients. Profoot does not say when the need for the information from Advantage Solutions became apparent but only says that at a Rule 30(b)(6) deposition, the witness was vague and unprepared as to what Profoot refers to as "category management." On the other hand, Bayer points out that it has produced more than a thousand documents that reference its relationship with this third party. Profoot's vagueness, combined with Bayer's specificity, leads the Court to conclude that Profoot could have inquired

1

*Profoot v. Bayer Healthcare LLC.*
March 24, 2017

further as to Advantage Solutions' role, if any, with regard to category management of Bayer's products.

Profoot fares no better with the third party subpoena served on March 15 on Walmart. It states that on March 15, Profoot learned that Walmart "may maintain a department or have processes for reviewing its category management relationship with retailers, including Dr. Scholl's." Joint Letter at 6. There is no explanation whatsoever as to what caused this sudden knowledge and why it came on the last day of discovery. By contrast, Bayer notes that Walmart was actually among the agreed-upon search terms for Bayer's collection of electronic discovery. Joint Letter at 7. Indeed, Bayer says it produced numerous documents relating to its relationship with Walmart. If this relationship was so critical, it is inconceivable to the Court that Profoot could not have pursued it in a timelier manner.

The last discovery issue relates to a fifth set of document requests Profoot served on Bayer on March 15. Without getting into the specific requests, the Court again finds that Profoot has not articulated why these requests could not have been served sooner. To the extent, however, that Bayer objects that these requests are duplicative, and Profoot therefore requests that the responsive documents be identified in Bayer's production by Bates number, the Court finds that Profoot's request is not unreasonable. Accordingly, Bayer should provide Bates numbers for documents, or ranges of documents, responsive to requests 101-103 to the extent practicable. Bayer's objections to the late-served discovery are otherwise sustained.

The Court next turns to scheduling. As pointed out at length in the undersigned's March 17, 2017 Letter Order, this case is operating under an extremely tight schedule. Certain dates cannot be moved, including the dates for the filing of dispositive motions and for trial. The court instructed counsel to confer as to any adjustments to the expert schedule with that in mind. As has become par for the course in this case, they were unable to reach any agreement.

The undersigned finds that a modest adjustment of the expert schedule is appropriate. The parties agreed to continue certain depositions after the close of discovery, and the Court is loath to interfere where there is such agreement. Although they disagree as to whether that agreed-upon discovery should impact experts, and Bayer even offers to allow Profoot to serve a reply report if needed, the more practical approach is to allow Profoot a small extension of time for its affirmative reports. The expert schedule is therefore adjusted as follows:

- Affirmative reports to be served by no later than April 14, 2017;
- Rebuttal reports to be served by no later than May 5, 2017;
- Expert depositions to be completed by May 19, 2017.

**IT IS SO ORDERED.**

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**

2